UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LEANN MULLNER | CIVIL ACTION |
| VERSUS | NO. 05-5719 |
| SHERIFF JACK STRAIN, ET AL. | SECTION "N" (4) |

### ORDER AND REASONS

Before the Court is **Defendants' Motion for Partial Summary Judgment Pursuant to Rule 56(b) of Federal Rules of Civil Procedure (Rec. Doc. No 59)**. This Court has previously granted portions of this motion (See Rec. Doc. 80). This order addresses the remaining issue regarding Plaintiff's USERRA claims in Counts 1 and 2.

The Court finds that Plaintiff's USERRA claim should be limited to an assertion of retaliatory discrimination under section 38 U.S.C. § 4311. Plaintiff's claims under 38 U.S.C. § 4312 and § 4313(a)(1), which allege that Defendants violated her right of reemployment, fail as a matter of law for the reasons explained below.

**Factual Background**

Starting on August 7, 2002, Plaintiff was employed as a deputy sheriff with the St. Tammany Parish Sheriff's Office ("STPSO"). (Exhibit A to motion, ¶ 3). In 2004, Plaintiff was assigned to the Tax Collection division within the STPSO, where she worked as a tax auditor. (Exhibit A to motion, ¶ 3). After requesting the opportunity to do so, Plaintiff was allowed to attend special training school, which enabled her to receive state supplemental pay in certain jobs within

1

the STPSO. (Complaint, ¶¶ 21, 28, 30). Upon completion of that training in November of 2004, Plaintiff returned to her position as a tax auditor; however, based on the job description of that position, Plaintiff was ineligible to receive the supplemental income. (Exhibit A to Defendants' motion, ¶ 5).

On December 20, 2004, Plaintiff was transferred to the STPSO's Communication division to work as an operator in the Radio Room, a position which was approved to received the state supplemental pay. (Exhibit A to Defendants' motion, ¶ 6). This transfer became effective on December 21, 2004. (Id.). However, Plaintiff never reported to her new position because, on that same day, she elected to take leave under the Family and Medical Leave Act ("FMLA"). (Exhibit A to Defendants' motion, ¶ 7). Plaintiff remained on FMLA leave until February 1, 2005, when she reported to a U.S. Air Force facility for basic training. (Complaint, ¶ 37; Exhibit A to Defendants' motion, ¶ 7). She was administratively separated from the Air Force Reserves in early April 2005, and on April 11, 2005, she returned to work with the STPSO, reporting to her position as an operator in the Radio Room. (Complaint, ¶¶ 38-39; Exhibit A to Defendants' motion, ¶ 9).

**Discussion**

United States Code Title 38, section 4312 states, in relevant part, that "any person whose absence from a position of employment is necessitated by reason of service in the uniformed services shall be entitled to the reemployment rights and benefits of [USERRA]." Section 4314(a)(1) provides appropriate reemployment positions. Despite Plaintiff's argument that she never actually reported for her job in the Radio Room because she was on FMLA leave, it is uncontested that when she reported for active duty training with the Air Force Reserve, her position with the sheriff's office was with the radio room. This is evidenced by Plaintiff's own testimony:

> Q. At that juncture when you went [for active duty training], was your position with the sheriff's office with the radio room?
>
> A. On paper, yes.

(See Exhibit F to Defendants' motion, p. 142).

The fact that Plaintiff elected to take FMLA leave instead of reporting for her job in the Radio Room prior to her departure for basic training is of no moment. The Court also finds it irrelevant that she allegedly complained about her transfer to the operator position to Chief Deputy Trainor, who purportedly claimed that the situation would be resolved upon her return. What matters is that in December of 2004, she was effectively transferred to the position in the Radio Room. She left for basic training in February of 2005 and was reinstated to her position in the Radio Room when she returned from basic training in April of 2005. In other words, Plaintiff has no claim for a violation of her right to reemployment because she was reinstated to the same position which she occupied (regardless of her objection) prior to her departure for basic training. Thus, Plaintiff's USERRA claims relative to right to reemployment fail as a matter of law. Plaintiff's remaining USERRA claims are limited to those under 38 U.S.C. § 4311 for retaliatory discrimination.

For the foregoing reasons, **IT IS ORDERED** that the remainder of **Defendants' Motion for Partial Summary Judgment Pursuant to Rule 56(b) of Federal Rules of Civil Procedure (Rec. Doc. No 59)** is **GRANTED.**. Thus, based on this ruling and the Court's previous ruling (See Rec. Doc. 80), this motion for partial summary judgment is granted in its entirety.

New Orleans, Louisiana, this 14th day of September, 2007.

_____
**KURT D. ENGELHARDT**
**United States District Judge**

3